370 P.2d 360

**J. L. PULSIPHER, Jr., and W. L. Pulsipher, Plaintiffs and Appellants,**

**v.**

**Irwin D. TOLBOE, and United Pacific Insurance Company, a Corporation, Defendants and Respondents.**

No. 9571.

Supreme Court of Utah.

April 2, 1962.

John Farr Larsen, Salt Lake City, for appellants.

Young, Young & Sorensen, Provo, for respondents.

CROCKETT, Justice.

Plaintiffs sued defendant Tolboe (and his surety) for failure to fully perform a contract to construct a motel and related business units including swimming pool, cafe, service station and a bulk oil storage plant to be known as Western Village, Inc. near Mesquite, Nevada. Tolboe pleaded full performance and counter-claimed for $1,000 plaintiffs had withheld.

After a trial to the court it rendered judgment in favor of the defendant for the $1,000 on his counter-claim, less an offset for $330 on which the court found the issue in favor of the plaintiff.

The over-all contract price for the construction referred to above was $149,149.00 subject to adjustment for changes. The contract was extensive and detailed, incorporating specifications for all of the construction. It was all satisfactorily performed, or some minor disputes adjusted by the parties, except for two items which are our concern on this appeal.

The largest of the two items in controversy relates to the claim of H. D. Abbott, the plumbing sub-contractor on the job for materials and services in connecting what is referred to as the "bulk plant" to the rest of the facility. This plant consists essentially in some large oil storage tanks a short distance away from the main installation. Abbott did all of the other plumbing work under the contract, but did not install the piping to make the connection referred to. Plaintiffs made a special request that he do so, which he did and billed the plaintiffs for $1,027.00, and later filed a lien against the property for that amount. Plaintiffs paid him and now sues the defendant for reimbursement.

Plaintiffs contend that this connection of the bulk plant was included in the construction required by the contract; whereas, defendant insists that it was not and that it was an extra undertaking for which plaintiffs engaged Abbott and is therefore responsible.

Such merit as there is in defendant's position rests in the fact that there is no particularized description of this phase of the construction in the portion of the contract dealing with plumbing. However, in the specifications, which are made part of the contract, this language appears:

"Included in the work shall be * * * a complete gasoline system, including pumps, *piping*, vents, *tanks* and all miscellaneous items required to complete the installation and *make the equipment operable*." (emphasis added)

It is to be kept in mind that the language just quoted is referring to the entire business facility covered by the contract, which indisputably includes the "bulk plant" where the gasoline and oil were to be stored, and the service station where they were to be dispensed to the public. It is obvious that those units would have to be connected by piping in order to "make the equipment operable." Inasmuch as the language is clear and unambiguous there is no basis for "interpreting" it by showing what the intent or the "understanding" of the defendant was by extraneous evidence.[1] It is therefore our conclusion that under the contract it was the obligation of the defendant to furnish and install the piping necessary to connect those facilities and that the plaintiffs are entitled to recover the expenses reasonably and necessarily incurred because of the defendant's failure to do so.

■ A different situation exists with respect to the other item in controversy; the claim of Vern Green for covering the parking area with stone chips. The evidence is that when the defendant's sub-contractor attempted to do that work, the plaintiff had spread a coating of heavy oil on the area so that it was impossible to do it when and in the manner the defendant contemplated.

As a result of this difficulty, the plaintiff thereafter engaged Mr. Green to do this work. Under the circumstances shown, it was the plaintiff's responsibility to see that Mr. Green was paid. But they were entitled to credit on the over-all contract price for the reasonable cost of getting this work done. The trial court's findings charged the plaintiffs with the entire contract price, which included $330.00 credit to the defendant for doing this particular work. The plaintiffs having paid Green, the court correctly charged the defendant with that amount and deducted it from the $1,000 which he allowed defendant upon his counter-claim, resulting in a net judgment for the defendant in the amount of $670.00.

Those portions of the judgment which allowed the defendant credit for the $1,000 which the plaintiffs had withheld; and which allowed the plaintiffs a credit of $330.00 for the work of Vern Green are affirmed; but that portion of the judgment in favor of the defendant as to the claim of the plumber H. D. Abbott is reversed. Costs to plaintiffs.

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

1. See Ephraim Theatre v. Hawk, 7 Utah 2d 163, 321 P.2d 221.